PURSLEY *v.* McGLOTHLIN.

(*Nashville,* December Term, 1941.)

Opinion filed June 27, 1942.

E. R. WOOLARD, of Lebanon, for appellant.

H. B. McGinness, of Carthage, and Oscar Russell, of Gallatin, for appellee.

Mr. Justice McKinney delivered the opinion of the Court.

The sole question for determination is whether a decree entered December 6, 1933, in the cause of *N. G. Robertson, Trustee,* v. *Alex McGlothlin et al.,* authorizing the trustee to appropriate $4,102 of money held by him as such trustee in discharge of encumbrances on. a house and lot in Nashville had the effect of converting said fund into realty. The chancellor answered this question in the negative, being of the opinion that this fund was a loan and not an investment in realty. While the question is not free from doubt, a careful reading of the record convinces us that a conversion was not intended.

Mrs. Laura McGlothlin executed the following will on July 11, 1921, which was just a few days prior to her death, to wit:

"I, Mrs. Laura McGlothlin of Lebanon, Tennessee, do hereby publish this my last will and testament, hereby revoking all former wills made by me:—

"First: I desire that all my just and honest debts be paid.

"Second: I give and bequeath unto my son, Alex McGlothlin my home place on Spring Street in the town of Lebanon, Tennessee for life, and at his death to go to his child or children, with the right to sell and reinvest the fund and take title in exact accordance with this item of the will.

"Third: I give and bequeath unto my son, Alex McGlothlin $2000.00 absolute, as well as all my household

and kitchen furniture, including silver, tableware, linen and bedding.

"Fourth: I give and bequeath unto my two sisters, Miss Mary Fonville and Miss Etta Fonville, the income from $1000.00 each, as long as they live, at their death to go to my son, Alex McGlothlin. The trustee to take charge of said fund and loan the same out upon first class real estate in accordance with this item of my will.

"Fifth: I give all the remainder of my estate for life to Alex McGlothlin, and at his death to go to his child or children. The Trustee to take charge of all and lend the entire fund out upon first class real estate, so that the income shall be paid to Alex McGlothlin, free from all debts of his that he may owe or hereafter owes.

"Sixth: I give to my friend, Miss Ruby Armstrong, my opal ring for her many kindnesses to me.

"Seventh: Should my son, Alex McGlothlin die without issue, all the property I have given him shall go, one-half to his wife Christine McGlothlin, and one-half to my sisters, Miss Mary Fonville and Miss Etta Fonville. A trustee shall be selected by my son, Alex McGlothlin and my Executor N. G. Robertson to take charge of and loan said fund out in accordance with the provisions of this will as it is my desire that the entire fund and use and rent of my home given to my son, Alex McGlothlin, shall be free from his debts of every kind and description, that he now owes or may hereafter owe.

"Eighth: I nominate and appoint N. G. Robertson as my Executor. It is my wish and desire that both the Trustee and Executor shall give a good and solvent bond for the faithful performance of the duties for looking after said funds and winding up said estate. A duplicate of my husband's marker shall, in six months, be put on my grave."

The will was duly probated, and N. G. Robertson not only qualified as executor but he was also appointed trustee of the estate.

It will be observed that Alex McGlothlin was authorized to sell the home place in Lebanon and reinvest the proceeds, taking title in himself for life with remainder in his children. At this point it is proper to state that Alex McGlothlin died in 1941, and while he had been married no children were ever born of that marriage.

Alex McGlothlin, pursuant to the authority given him, sold the home place in Lebanon, and on August 4, 1922, purchased a house and lot in Nashville for $8,750, paying thereon the $4,000 received for the home place in Lebanon, and for the balance assumed certain indebtedness against the property, and in addition executed two purchase-money notes. Alex McGlothlin had the title to said property vested in himself instead of in himself for life with remainder to his children. This investment was not authorized by the will of Mrs. Laura McGlothlin, although it was subsequently ratified by the chancery court, and it is not questioned in this proceeding.

On March 4, 1933, N. G. Robertson, as trustee, filed a bill in the chancery court at Lebanon, in which it was alleged that Alex McGlothlin had defaulted in paying two purchase-money notes of $1,333.33 each on the Nashville property which he had assumed, and that a vendor's bill had been filed against the property in the chancery court at Nashville. One of the prayers of the bill was that the trustee be permitted ''to apply so much of the fund belonging to the estate as may be necessary to pay and retire the balance of the indebtedness due and owing on the home place of Alex McGlothlin.''

The master was directed to take proof and report what ''encumbrances are outstanding and unpaid against the

house and lot owned by defendant Alex McGlothlin in the City of Nashville, Tennessee, described in the bill and the amount of each item; and that he also report whether it would be a safe investment of a sufficient amount of the trust fund in the hands of the Trustee under said will to pay off said encumbrances, the amount so paid and any amount heretofore invested in the property by the trustee to be secured by a conveyance of the property by said Alex McGlothlin and his wife to the Trustee, subjecting it to the terms of said will creating said trust fund.''

The master reported the encumbrance to be $3,813.32, the value of the house and lot $7,000, and, after reviewing the facts, concluded as follows: ''From all the above facts I find that it would be a safe investment of a sufficient amount of the trust fund in the hands of the trustee under the will of Mrs. Laura McGlothlin to pay off said encumbrances; the amount so paid and the $4000.00 of the trust fund already invested in said house and lot to be secured by a conveyance of the property by said Alex McGlothlin and his wife to the trustee subjecting the entire estate in said house and lot to the terms of said will creating said trust fund. Provided that all outstanding liens are satisfied and duly and properly released of record,'' etc.

In the decree, entered November 29, 1933, confirming said report it is recited:

''It is therefore ordered, adjudged and decreed by the Court that N. G. Robertson, the Trustee, under the will of Mrs. Laura McGlothlin, deceased, apply a sufficient amount of the trust funds in his hands to pay off the two lien notes of $1333.33 each, on the Nashville property described in the pleadings, with accrued interest thereon, to the date of payment and to pay the City taxes to Nashville, Tennessee, for the years 1931-1932-1933, and to pay

the State and County taxes for the years 1931-1932-1933. He will first see that the two lien notes of $1708.34 each are released of record. The Master reports that these two notes have been paid but are unreleased of record. The investment of $4000.00 realized from the home place on East Spring Street in Lebanon, Tennessee, in said Nashville house and lot by Alex McGlothlin, was authorized under the will of Mrs. Laura McGlothlin, and said investment is therefore ratified by the Court. . . .

"The above investments and payments are to be made by the Trustee, when Alex McGlothlin and his wife, Christine McGlothlin execute a deed conveying said house and lot in Nashville, Tennessee, which is described in the bill, to said Trustee, the said Trustee holding the title to said house and lot under the terms of said will of Mrs. Laura McGlothlin, creating said trust fund. The Trustee will keep said dwelling house in Nashville amply insured against both fire and windstorm, and will keep all taxes paid up on said property, using the rents from said house and lot, if necessary, together with other income from said trust fund, in paying same."

The deed of Alex McGlothlin and wife to N. G. Robertson, executed February 8, 1934, recites: "For and in consideration of Forty-one Hundred and Two ($4102.00) Dollars, which sum has been paid by said Trustee in paying and removing encumbrances that were liens against the property hereinafter described, and also in paying the Attorneys fees and costs in the cause of *N. G. Robertson, Trustee, Etc.,* v. *Alex McGlothlin et al.,* all of which sums were paid under an order of the Chancery Court at Lebanon, Wilson County, Tennessee, in said cause, and was paid from the trust funds in the hands of said Trustee, we, Alex McGlothlin and wife Christine McGlothlin, in order to secure said trust fund as provided

in said decree, do hereby transfer and convey the said house and lot hereinafter described, to said N. G. Robertson, as Trustee under the will of Mrs. Laura McGlothlin, deceased, and his successors as Trustees, forever.''

This conveyance recites specifically that it conveys the entire interest in the property ''in order to secure said trust fund'' of $4,102. Such, evidently, was the intention of the parties at the time this transaction was had.

In the second place, the master, in effect, is directed to report whether it would be safe to apply this amount of trust funds upon the security of the entire interest in this property.

In the third place, it should be borne in mind that the proceeds from the sale of the home place in Lebanon was not trust funds in which N. G. Robertson had any interest. If, therefore, it was the purpose of the court to purchase substantially a one-half interest in said house and lot by converting $4,102 of the trust funds into realty, there was no occasion for McGlothlin and wife to also convey the other half interest to the trustee.

In the fourth place, the trustee had no authority under the will to convert the trust funds into realty, although he was authorized to loan these funds upon real-estate security; and since this was not a case where the destruction of the trust was threatened, we cannot presume that the chancellor, contrary to the will, intended to convert trust funds into realty.

In the fifth place, it will be presumed that the chancellor passed the decree in contemplation of the possibility that such a conversion would injuriously affect the rights of one class of ultimate beneficiaries under the will. In fact, such would be the effect of this particular cause, for if this investment be treated as a conversion then the heirs at law get the benefit thereof, while under the will it

would go to the next of kin of Alex McGlothlin, this being a contest between the heirs at law and the next of kin.

In view of all the facts and circumstances appearing in the record, which it is unnecessary to discuss in detail, we think this transaction was intended as a mortgage rather than as a purchase of an interest in this house and lot. What the court, the trustee, and counsel were attempting to do was to carry out the clearly expressed purpose of the testatrix to provide an income for her improvident son and to loan the trust funds on real-estate security: The mere fact that the decree and the deed did not contain the provision usually inserted in a mortgage is of no particular significance in this cause. The loan was amply secured and the question of paying or satisfying the loan was a matter for future determination, depending on subsequent developments.

The decree and the deed were not drawn as carefully and as explicitly as they might have been, such a situation as was subsequently developed, in all probability, not having been visualized by the parties.

We think the decree of the chancellor not only conforms to the object sought to be accomplished but that it meets the equities of the cause; hence it will be affirmed.